## W. J. MILLER *v.* B. P. DRAKE.

**Rent—Tenant Liable for After Conveyance by Landlord—Implied Right to Ingress and ·Egress.**

A conveyance of land with a reversion that the tenant then in possession should have the use of the land until the fall of the year in which the land is sold, gives the tenant the implied right of ingress and egress thereafter for the purpose of removing the crop raised by him on the land; and the tenant is not liable for rent for this use of the land.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 24, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The statutory provision which merely recognizes the common law doctrine,—that rent to become due after a conveyance of the title by the landlord goes with the reversion,—does not apply to this case, because the uncontroverted endorsement on the deed shows that Miller, the vendor, was to retain the possession and use of the land until the 15th of September, 1864; and consequently, the resulting right to cultivate implied that it was not as tenant liable for rent to the vendee, but for the benefit of the vendor. And the right to cultivate implied a right of ingress and egress,

and the 15th of September, 1864, for the purpose of securing and removing the crop.

It seems that, subject to that incidental right, the possession of the vendee after 15th September, 1864, was undisturbed except so far as one of Miller's tenants refused possession to sow wheat in a field of his corn.

Miller's right to occupy and use for his own benefit free of rent, is forfeited by Drake's purchase from him of a portion of the corn raised after the conveyance, and by other acts and implied recognitions.

Consequently, the circuit court erred in charging Miller with the value of the corn which he claimed and sold as his own.

For this error the judgment is reserved and cause remanded for another judgment consistent with this opinion. If Drake suffered any damage from disturbance in sowing wheat, a counter-claim may adjust it.

*T. Turner,* for appellant.

*Reid & Reid, Hazelrigg & Winn,* for appellee.